Totteít, J.,
delivered the opinion of the court.
Assumpsit. The claim is for freight on three hundred and forty-six bales of cotton, shipped on plaintiff’s boat, “old Maury,” in Maury county, Tennessee, and to be delivered to the defendant, the consignee, at New Orleans, at the rate of two dollars per bale. The “old Maury” was wrecked by a mere accident on the way, about one hundred miles above New Orleans, and the cotton reshipped by the master, the plaintiff’s agent, on. the steamer “Marengo,” and taken into port at New' *211 Orleans, wliere she claimed a freight on the cotton at the rate of six dollars per hale. Her hill of lading given to the “ old Maury,” entitled her to demand this freight, as appears by the evidence of W. J. Frierson, and defendant was compelled “under an award to pay it before he could get possession of the cotton. The master of the - old Maury ” received from the “ Ma-rengo ” $180.00, which, as we understand it, was on account of freight. This, however, is not a material circumstance in the case. The “ old Maury ” was partially filled with water, and in a sinking condition when its cargo was transhipped in the “ Marengo.”
His Honor, the circuit judge, instructed the jury in effect, that the plaintiff’s right to freight was upon condition that he deliver the cotton to the consignee at the port of destination; ' that if his own hoat became. disabled from any cause, he might tranship the cargo upon another boat, and thus comply with the contract and be entitled to the freight; that if his own boat became disabled from casualty of the river it was his duty to use every reasonable exertion to save the cargo and forward it to another boat; but if the freight charged upon the transhipment exceeded that which the plaintiff was to have by his contract, the plaintiff would not be entitled to any freight. The charge is very full, but this is all that is material to the facts of the case. The judgment was for defendant, and the plaintiff appealed in error.
The counsel for' plaintiff insists that he is entitled to freight jpro rata to the port of necessity, where the cotton was transhipped on the “ Marengo; ” that the voyage was arrested by an' accident of the river, and *212 without any fault of the plaintiff or his agents; that in such case, it was proper, in order to save the cargo, to tranship it on another vessel, to which it became liable for freight and reasonable charges, from the place where the voyage was arrested to the port of destination, and that the plaintiff was entitled to freight pro rata for that portion of the voyage which he had performed.
We cannot agree to the position assumed by the counsel. The plaintiff’s right to freight is founded in contract, and to entitle him to demand it, it must appear that he has performed its conditions, or that he has been excused performance by the owner of the cargo.
f In cases of necessity, says Mr. Kent, as where the ship is wrecked, or otherwise disabled in the course of the voyage, and cannot be repaired, or cannot, under the circumstances, without too great delay and expense, the master may procure another competent vessel to carry on the cargo, and save his freight. If other means to forward the cargo can be procured the master must procure them or lose his freight; and if he offers to do it and the freighter will not consent he will then be entitled to his full freight. 3 Kent’s Com. Griswold vs. New York Insurance Co., 3 Johns. R., 321.
He is permitted in such case, to forward the cargo by another vessel, and this will be deemed a compliance with his contract and entitle him to freight. But if it be not forwarded to the place of destination, the condition upon which the right to freight depends has not been performed, and no such right can exist unless the owner of the cargo consented to receive it at the *213 intermediate port, where the voyage from necessity was arrested. Hunter vs. Prinsip, 10 East, 378.
But the freight charged hy the “ Marengo ” was a greater snm than that stipulated for the entire voyage; and if it he ' considered that the “ Marengo ” was employed hy the plaintiff so as to enable him to comply with his .contract to deliver the cargo to New Orleans, 'there remains nothing due to the plaintiff under his contract.
There is no question hut that it is the duty of the master of the “old Maury,” acting as the agent of the owner of the cargo, to tranship it, and he had the right to charge it with such freight as it was proper to give. His own vessel being disabled so that he could not proceed on the voyage, and the cargo being-in peril of total loss, the law implies an agency from ’ necessity, that the master may act for the interest of all concerned. 3 Kent’s Com., 212. Scarle vs. Scovell, 4 Johns. Ch. R., 218. But it does not follow that he will he entitled to freight pro rata for the performance^, of part of the voyage.
That was not the agreement, and he must hear his portion of a loss occasioned hy an accident that might occur, and in this case was inevitable. The defendant was compelled to pay three times the stipulated freight, and the cargo was in some degree, injured hy the accident. Is he, in addition to this, liable to pay a pro rata height to the plaintiff? If so, the entire loss is ■ made to fall upon the owner of the cargo or upon his insurer, to whom he has paid a premium for indemnity.
In Callender vs. Insurance Co. of North America, 5 Binney 525, reported also in 2 A. L. Cases, 588. *214 Tilghman, O. L, in view of the authorities, states the rule to be, that pro rata, freight is not due unless the consent of the merchant, either by word or action, has been expressly given, or may- be fairly deduced, to accept his goods at an intermediate port; and such consent being given, the original contract is dissolved and a new one arises. And so Mr. Kent, 3 Com., 229, “freight pro rata itmeris is due where the ship, by inevitable necessity, is forced into a port short of her destination, and is unable to prosecute the voyage and the goods are there voluntarily accepted by the owner. It rests upon the basis of a new contract which the law implies.
Now, in the present case, there is no pretence that the cargo was accepted by the owner at the intermediate port, where, from necessity the voyage was arrested, nor was it received until it was taken by the “Marengo” to New Orleans, the port of destination.
¥e are of opinion that the plaintiff is not entitled to recover, and order that the judgment be affirmed.
Judgment affirmed.